UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>ALLIED EQUIPMENT, INC. and CHRISTINE CARR,<br><br>Defendants. | C.A. No.: |

# COMPLAINT
## Count I
(Withdrawal Liability)

1.  This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. § 1381 *et seq.*, brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2.  This court has jurisdiction and venue lies in this district pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and ERISA § 4301, 29 U.S.C. § 1451.

3.  Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

4.  The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Pension Fund has its principal office at and is administered from One Wall Street, Burlington, Massachusetts 01803.

5. Defendant Allied Equipment, Inc. ("Allied") is a Connecticut corporation with a principal place of business in New London, CT.

6. Defendant Christine Carr is an individual residing in Groton, CT and the President of Allied.

7. Defendant Allied is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. §1002(5) and § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and an employer in an industry affecting commerce within the meaning of ERISA § 3(5), 29 U.S.C. §142(1) and §152(2),(6) and (7).

8. Teamsters Local Union Nos. 170 and 493 are a "labor organizations" within the meaning of 29 U.S.C. §152(5).

9. At all material times, Defendant Allied was obligated by the terms of one or more Collective Bargaining Agreements ("CBA") between it and Teamsters Local Union Nos. 170 and 493 and by the terms of the Pension Fund's Agreement and Declaration of Trust to make contributions on behalf of certain employees to the Pension Fund.

10. On or about December 31, 2010, Defendant Allied permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

11. By letter dated November 29, 2012, the Pension Fund notified Defendant Allied that it had withdrawn and demanded payment of Defendant Allied's proportionate share of the Pension Fund's unfunded vested benefit liability.

12. In demanding payment of Defendant Allied's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $298,375 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on January 29, 2013.

13. By letter dated March 15, 2013, Defendant Allied was sent a Notice of Default for failure to make interim payments.

14. The Notice of Default stated that if Allied failed to pay the amount owed within sixty days of the date of the first payment was due, Allied would be required to pay the total outstanding amount of withdrawal liability plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely paid.

15. In violation of ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), Defendant Allied has failed to make any payments of its withdrawal liability to the Fund and has not initiated arbitration of any dispute concerning the Pension Fund's demand.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Allied Equipment, Inc. in accordance with ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

    a. the withdrawal liability in the amount of $298,375;

    b. interest on the withdrawal liability from the date the first payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. all costs and reasonable attorneys' fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

### Count II
(Failure to Answer Withdrawal Liability Questionnaire)

16. Plaintiff hereby incorporates by reference as if set forth herein paragraphs 1-15 of this Complaint.

17. On December 5, 2012, Plaintiff sent Defendant Christine Carr a Withdrawal Liability Questionnaire pursuant to ERISA § 4219(a) 29 U.S.C. § 1399(a).

18. Responses to the Questionnaire were due within thirty (30) days of December 5, 2012.

19. As of this date, Defendant Christine Carr has not submitted responses to the Withdrawal Liability Questionnaire.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Christine Carr in accordance with ERISA § 4301(a)(1), 29 U.S.C. § 1442(a)(1):

1. Ordering Defendant Christine Carr to respond to the Plaintiff's Withdrawal Liability Questionnaire;

2. Awarding the Pension Fund all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

3. Ordering such other and further relief as this court may deem just and proper.

Dated: July 26, 2013

Respectfully submitted,

Catherine M. Campbell
BBO # 549397
Feinberg, Campbell & Zack, PC
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976

/s/ Catherine M. Campbell
Catherine M. Campbell, Esq.
Attorney for Plaintiff,
Charles Langone

## CERTIFICATE OF SERVICE

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, this date to the United States Secretaries of Labor and Treasury and the Pension Benefit Guaranty Corporation.

Dated: July 26, 2013

/s/ Catherine M. Campbell
Catherine M. Campbell, Esq.