UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, AS FUND MANAGER OF THE NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br>    Plaintiff<br><br>V.<br><br>ALLIED EQUIPMENT, INC. AND CHRISTINE CARR,<br>    Defendants | CIVIL ACTION NO. 13-11793-NMG |

**ANSWER TO COMPLAINT**

The defendants, Allied Equipment, Inc. ("Allied Equipment") and Christine Carr ("Ms. Carr"), answer the plaintiffs' Complaint as follows:

**Count I**
(Withdrawal Liability)

1. The allegations set forth in Paragraph 1 contain contentions of law to which no answer is required. To the extent Paragraph 1 is construed to contain factual allegations the defendants deny those allegations.

2. The allegations set forth in Paragraph 2 contain contentions of law to which no answer is required.

3. The allegations set forth in Paragraph 3 contain both contentions of law to which no answer is required and factual allegations of which the defendants are without knowledge or information sufficient to form a belief as to their truth.

4. The allegations set forth in Paragraph 4 contain both contentions of law to which no answer is required and factual allegations of which the defendants are without knowledge or information sufficient to form a belief as to their truth.

5. The defendants admit that Allied Equipment is a Connecticut corporation with a principal place of business in New London, Connecticut.

6. The defendants admit that Ms. Carr is an individual residing in Groton, Connecticut. The defendants admit that Ms. Carr is the President of Allied Equipment.

7. The allegations set forth in Paragraph 7 contain contentions of law to which no answer is required.

8. The allegations set forth in Paragraph 8 contain contentions of law to which no answer is required.

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 that Allied Equipment was, at all material times, obligated by the terms of one or more collective bargaining agreements with the Teamsters Local Union Nos. 170 and 493. The remaining allegations set forth in Paragraph 9 purport to recite provisions contained in the collective bargaining agreements and other documents which speak for themselves, such that no answer is required as to these allegations set forth in Paragraph 9.

10. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

11. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

14. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

## Count II
### (Failure to Answer Withdrawal Questionnaire)

16. The defendants repeat and reallege their responses in Paragraphs 1-15 of this Answer, and hereby incorporate them by reference.

17. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

18. The allegations set forth in Paragraph 18 purport to recite provisions contained in the collective bargaining agreement or other documents which speak for themselves, such that no answer is required as to these allegations set forth in Paragraph 18.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the contractual and statutory period of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the plaintiff failed to comply with contractual and statutory conditions precedent to filing the Complaint, including but not limited to notice requirements.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred because the plaintiff's claims are subject to a statutory arbitration provision.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff has not correctly identified the employer for purposes of its assessment of withdrawal liability, and therefore Allied Equipment should be dismissed from this action.

WHEREFORE, the defendants, Allied Equipment, Inc. and Christine Carr, request that the plaintiff's Complaint be dismissed with prejudice and that they be awarded their attorneys' fees and costs incurred in having to defend this action.

ALLIED EQUIPMENT, INC. AND
CHRISTINE CARR

By their attorneys,

/s/ David L. Fine
Joseph M. Hamilton, BBO #546394
David L. Fine, BBO #663407
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502
jhamilton@mirickoconnell.com
dfine@mirickoconnell.com

Dated: October 4, 2013

## CERTIFICATE OF SERVICE

I, David L. Fine, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 4, 2013.

/s/ David L. Fine
David L. Fine, Esq.
