# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>ALLIED EQUIPMENT, INC. a.k.a. ALLIED CRANE & EQUIPMENT, INC. a.k.a. ALLIED SCAFFOLDING & EQUIPMENT, INC., GI PARTNERS, LLC and SPIN, LLC,<br><br>Defendants. | C.A. No.: 13-11793 NMG<br><u>Leave to File Granted on</u><br><u>April 25, 2014</u> |

## FIRST AMENDED COMPLAINT

### Parties and Jurisdiction

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et. seq., brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA §502(e), 29 U.S.C. § 1132(e) and ERISA § 4301, 29 U.S.C. §1451.

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of

ERISA, 29 U.S.C. §1002(3). The Pension Fund has its principal office at and is administered from One Wall Street, Burlington, Massachusetts 01803.

4. Teamsters Local Union Nos. 170 and 493 are "labor organizations" within the meaning of 29 U.S.C. §152(5).

5. Defendant Allied Equipment, Inc. ("Allied") is a Connecticut corporation with a principal place of business in New London, CT.

6. Defendant Allied is also known as Allied Crane & Equipment, Inc. and Allied Scaffolding & Equipment, Inc.

7. Defendant Allied is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. §1002(5) and § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and an employer in an industry affecting commerce within the meaning of ERISA § 3(5), 29 U.S.C. §142(1) and §152(2),(6) and (7).

8. Defendant GI Partners, LLC ("GI Partners") is a Connecticut corporation with a principal place of business in New London, CT.

9. Defendant Spin, LLC ("Spin") is a Connecticut corporation with a principal place of business in New London, CT.

## Count I
### (As Against Allied Equipment, Inc.)

10. Plaintiff hereby incorporates by reference paragraphs 1 through 9 of this Complaint as if set forth herein.

11. At all material times, Defendant Allied was obligated by the terms of one or more Collective Bargaining Agreements ("CBA") between it and Teamsters Local Union Nos. 170 and 493 and by the terms of the Pension Fund's Agreement and Declaration of Trust to make contributions on behalf of certain employees to the Pension Fund.

12. On or about December 31, 2010, Defendant Allied permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

13. By letter dated November 29, 2012, the Pension Fund notified Defendant Allied that it had withdrawn and demanded payment of Defendant Allied's proportionate share of the Pension Fund's unfunded vested benefit liability.

14. In demanding payment of Defendant Allied's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $298,375 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on January 29, 2013.

15. By letter dated March 15, 2013, Defendant Allied was sent a Notice of Default for failure to make interim payments.

16. The Notice of Default stated that if Allied failed to pay the amount owed within sixty days of the date of the first payment was due, Allied would be required to pay the total outstanding amount of withdrawal liability plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely paid.

17. In violation of ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), Defendant Allied has failed to make any payments of its withdrawal liability to the Fund and has not initiated arbitration of any dispute concerning the Pension Fund's demand.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Allied Equipment, Inc. in accordance with ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

   a. the withdrawal liability in the amount of $298,375;

b.  interest on the withdrawal liability from the date the first payment was due;

c.  liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

d.  all costs and reasonable attorneys' fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

## Count II
### (As Against GI Partners, LLC)

18. Plaintiff hereby incorporates by reference paragraphs 1 through 17 of this Complaint as if set forth herein.

19. Defendant GI Partners is an "employer" within the meaning of ERISA § 3(5) 29 U.S.C. §1002(5) and is an employer in an industry affecting commerce within the meaning of ERISA § 3(5), 29 U.S.C. §142(1) and §152(2), (6) and (7).

20. Defendant GI Partners is a trade or business under "common control" with Defendant Allied within the meaning of 26 C.F.R. §1.414(c)-2.

21. Defendant GI Partners, as a trade or business under common control with Defendant Allied, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

22. Defendant GI Partners is jointly and severally liable for the withdrawal liability of Defendant Allied.

23. Defendant GI Partners has failed to make any withdrawal liability payments to the Fund and has not initiated arbitration of any dispute concerning the Pension Fund's demand.

WHEREFORE, Plaintiff demands that judgment enter against Defendant GI Partners, LLC. in accordance with ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

    a. the withdrawal liability in the amount of $298,375;

    b. interest on the withdrawal liability from the date the first payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. all costs and reasonable attorneys' fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

## Count III
### (As Against Spin, LLC)

24. Plaintiff hereby incorporates by reference paragraphs 1 through 23 of this Complaint as if set forth herein.

25. Defendant Spin is an "employer" within the meaning of ERISA § 3(5) 29 U.S.C. §1002(5) and is an employer in an industry affecting commerce within the meaning of ERISA § 3(5), 29 U.S.C. §142(1) and §152(2), (6) and (7).

26. Defendant Spin is a trade or business under "common control" with Defendant Allied within the meaning of 26 C.F.R. §1.414(c)-2.

27. Defendant Spin, as a trade or business under common control with Defendant Allied, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

28. Defendant Spin is jointly and severally liable for the withdrawal liability of Defendant Allied.

29. Defendant Spin has failed to make any withdrawal liability payments to the Fund and has not initiated arbitration of any dispute concerning the Pension Fund's demand.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Spin, LLC. in accordance with ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

   a. the withdrawal liability in the amount of $298,375;

   b. interest on the withdrawal liability from the date the first payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

   d. all costs and reasonable attorneys' fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Dated: April 28, 2014

Respectfully submitted,

Catherine M. Campbell, Esq.
BBO # 549397
Feinberg, Campbell & Zack, PC
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976


/s/ Catherine M. Campbell
Attorney for plaintiff,
Charles Langone

## CERTIFICATE OF SERVICE

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor, Department of Treasury, the Pension Benefit Guaranty.

Dated: April 28, 2014

/s/ Catherine M. Campbell
Catherine M. Campbell, Esq.